UNITED STATES DISTRICT BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In re:  )
 ) In a Case Under Chapter 15
Petition of GABRIELE BORDIN, as Trustee of ) Of the Bankruptcy Code
SIVEC SRL, an Italian Corporation and Successor in )
Liquidation to SIRZ ENERGY SRL ) Case No. _____
 )
Debtor in a Foreign Proceeding. )

## VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

Dr. Gabriele Bordin (the "Petitioner" or "Trustee"), in his capacity as the Judicial Receiver and duly authorized foreign representative of Sivec Srl, as successor in Liquidation to Sirz Srl (the "Company"), by his United States counsel, Eldridge Cooper Steichen & Leach PLLC and Bryan Cave LLP, files this verified petition pursuant to chapter 15 of the Bankruptcy Code in furtherance of the Official Form Voluntary Petition (the "Petition") filed contemporaneously herewith pursuant to sections 1502(4), 1504, 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time (the "Bankruptcy Code") commencing a case under chapter 15 seeking recognition of the case in respect of the Company as a "foreign main proceeding." In support of the foregoing, the Petitioner respectfully represents as follows:

### PRELIMINARY STATEMENT

1. By the Petition, the Petitioner, as Judicial Receiver, seeks this Court's recognition of a liquidation proceeding by the Company (an Italian company), as currently pending in Italy, and supervised by the court in Padua, Italy pursuant to Article 160 of the Italian Bankruptcy Law as a "foreign main proceeding" under Sections 1502(4), 1504, 1515, 1517 of the Bankruptcy Code. By virtue of his appointment, the Petitioner is responsible for, among other things, locating, protecting and preserving the Company's property, carrying out investigations respecting the affairs or property

162566.1



of the Company, and exercising an extensive array of powers granted to such an appointed Judicial Receiver under the laws of Italy.

2. As described below, the relief requested by the Petitioner falls within the scope of chapter 15 of the Bankruptcy Code, which authorizes this Court to recognize a "foreign proceeding" upon the proper commencement of a case under chapter 15 by a "foreign representative."

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

5. The Company was registered in Italy as an "Srl" (similar to an LLC in the United States). Its registered office is located at Via N. Tommaseo NO. 8/A, Padua, Italy.

6. The Company supplied and fabricated various steel structures to the energy industry, including structures for use in exploration in the natural gas industry.

7. By 2008, however the Company encountered significant financial issues that left it unable to meet its financial obligations.

8. On or about March 11, 2008, the Company, by and through its Liquidator, Andrea Ballardin, petitioned the court in Padua, Italy for admission to the liquidation procedure known as "Controlled Administration and Preventive Creditors' Settlement Procedure *(concordato preventivo)*. These proceedings have their basis in the Italian Bankruptcy Law (R.D. 16 marzo 1942 n. 267 - Law No. 80/2005 – D. Lgs. 12 settembre 2007, n.169), seek to administer, protect, and determine the rights of all of the Company's creditors collectively, and are controlled and supervised by the Italian court in Padua, Italy.



9. The court in Italy approved the Company's petition on or about April 17, 2008, and appointed the Petitioner as Judicial Receiver. A translated copy of the orders of the Italian court that formally entered the Company into the liquidation process, and appointed the Petitioner as Judicial Receiver, are attached hereto as Exhibits A and B.

10. Since his appointment, the Petitioner has overseen the administration of the Company and the reconciliation of its affairs for the benefit of its committee of creditors. The Petitioner's activities have involved: identifying and notifying potential creditors of the Company; undertaking to dispose of the Company's fixed assets and real property for the benefit of its creditors; and investigating, evaluating, and then and pursuing the assets of the Company, including, significantly, an asset consisting of an unpaid 10% contract retainage held by Zeeco, Inc. ("Zeeco"), in the United States.

11. In October 2005, Zeeco and the Company had entered into a contract whereby the Company would fabricate and supply three demountable derrick-supported flare systems and a single jetty flare system for delivery to Zeeco's end customer. The final agreed contract price was €9,528,400.

12. Zeeco and the Company agreed that in lieu of a bank guarantee or bond for any warranty claims, the Company would allow Zeeco to hold 10% of the contract value, €952,840.00, for a period of 24 months as a guarantee against any warranty claims by Zeeco's end customer.

13. After the 24-month warranty period expired without any warranty claims having arisen, the Company's Liquidator, Andrea Ballardin, demanded that Zeeco release the €952,840 to the Company.

14. Zeeco refused, instead claiming that while it had not received any warranty claims, it (Zeeco) had claims for breach of contract to assert against the Company, and it therefore believed it would retain the Company's assets it was holding.

162566.1     3

Case: 11-80799    Doc #: 1-1    Filed:  in USBC ED/OK on 06/02/11    Page 3 of 7



15. Zeeco then filed suit against the Company in the United States District Court for the Eastern District of Oklahoma. Zeeco's complaint I scomprised of two counts: Count I asserts breach of contract against the Company, while Count II seeks a declaratory judgment that Zeeco is entitled to retain the Company's €952,840 in satisfaction of any judgment.

16. The Company asserted a counterclaim against Zeeco for payment of the €952,840 being held by Zeeco.

17. The Petitioner has repeatedly explained to Zeeco in settlement negotiations that if Zeeco had claims against the Company, it could and should assert any such claims in the liquidation proceeding in Italy.

18. The Petitioner has further explained to Zeeco that through the process of his investigation of the Company's books, records, and correspondence, the €952,840 has been formally and finally determined to be an asset of the liquidation estate of the Company by the Italian Court in Padua, Italy.

19. Nonetheless, Zeeco has refused to turn over the funds to the Company, placing its hopes instead on the fact that the court in the Eastern District of Oklahoma will fail to see that the declaratory judgment count is simply an attempt by Zeeco to jump to the front of the line of The Company's creditors and/or to collect a higher percentage on its claim than will other similarly-situated creditors of the Company. Zeeco's attempt at "self-help" should be enjoined.

## RELIEF REQUESTED

20. By this Petition, the Petitioner seeks the following relief: (i) recognition pursuant to section 1517 of the Bankruptcy Code of the Italian liquidation proceeding as a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code; (ii) all relief afforded foreign main proceedings automatically upon recognition, pursuant to section 1520 of the Bankruptcy Code; or, alternatively, if not as of right under section 1520 of the Bankruptcy Code,

then pursuant to sections 1521, 1507, and 105(a) of the Bankruptcy Code, as applicable; and (iii) such other and further relief as is appropriate under the circumstances.

## STATUTORY BASIS FOR RELIEF REQUESTED

21. Chapter 15 of the Bankruptcy Code exists to assist foreign representatives such as the Petitioner in the performance of his duties. It includes in section 1501(3) as an express objective the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor."

22. The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code, and the Italian liquidation proceeding is entitled to recognition under section 1517 of the Bankruptcy Code because: (i) the Italian liquidation proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code, and a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code because the Italian liquidation proceeding is pending where the Company has its center of main interest; (ii) the Petitioner is a foreign representative within the meaning of section 101(24) of the Bankruptcy Code; and (iii) the chapter 15 petition meets the requirements of section 1515 of the Bankruptcy Code.

23. The relief sought is necessary to protect the Company and its creditors from the risk that one such "creditor" – Zeeco - may obtain a conflicting ruling in a United States court that prejudices the rights of other creditors to a fair and equitable distribution of the Company's assets. At the same time, the relief sought also requires Zeeco to submit to the same procedure for submitting proofs of claim that the Company's other creditors must utilize. Granting the relief requested in the Verified Petition will not prejudice Zeeco, as the entirety of its claims can be resolved via the Italian liquidation, and to the extent Zeeco may bring any valid claims for breach of contract against the Company, it will receive an equitable distribution of the Company's remaining assets.

Case: 11-80799   Doc #: 1-1   Filed: in USBC ED/OK on 06/02/11   Page 5 of 7

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court enter the proposed order attached hereto as Exhibit C, granting the relief requested and such other and further relief as may be just and proper.

Respectfully submitted,

By  /s Mary Quinn Cooper
ELDRIDGE COOPER
    STEICHEN & LEACH P.L.L.C.
MARY QUINN COOPER, OBA 11966
P.O. Box 3566
Tulsa, Oklahoma 74101-3566
(918) 388-5555 FAX (918) 388-5654
mcooper@ecslok.com
Attorneys for Defendants

Of Counsel:
S. Patrick McKey (*pro hac vice to be filed*)
Joshua J. Heidelman (*pro hac vice to be filed*)
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
P: 312-602-5201
F: 312-698-7502
patrick.mckey@bryancave.com
joshua.heidelman@bryancave.com

162566.1

6


## Verification

I, Dr. Gabriele Bordin, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows: I am the Court-Appointed Judicial Receiver for Sivec Srl, as Successor in Liquidation to Sirz Srl. I have the full authority to verify this Petition. I have read the foregoing Petition, and I am informed and believe that the factual allegations contained therein are true and accurate. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Dr. Gabriele Bordin
Court-Appointed Trustee/Receiver