UNITED STATES DISTRICT BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | In a Case Under Chapter 15 |
| Petition of GABRIELE BORDIN, as Trustee of ) | Of the Bankruptcy Code |
| SIVEC SRL, an Italian Corporation and Successor in ) | |
| Liquidation to SIRZ ENERGY SRL ) | Case No. _____ |
| ) | |
| Debtor in a Foreign Proceeding. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

Dr. Gabriele Bordin, (the "Petitioner"), Judicial Receiver of Sivec Srl, as Successor in Liquidation to Sirz Srl (the "Company"), duly authorized foreign representative, by his United States counsel, Eldridge Cooper Steichen & Leach PLLC and Bryan Cave LLP, respectfully submits this Memorandum of Law in support of the *Verified Petition Under Chapter 15 For Recognition Of A Foreign Main Proceeding,* dated June 2, 2011 (the "Verified Petition").

### PRELIMINARY STATEMENT

Chapter 15 of the 11 U.S.C. §§ 1501-1532 (the "Bankruptcy Code") authorizes this Court to recognize a foreign main proceeding (as that term is defined in section 1502(4)) upon the proper commencement of a chapter 15 case under sections 1504, 1515 and 1517 by a foreign representative (as that term is defined in section 101(24)). As described herein, the Verified Petition has satisfied all of the statutory requirements under the Bankruptcy Code necessary for an order recognizing the Company's voluntary liquidation in Italy as a foreign main proceeding under chapter 15, and Petitioner's request is consistent with the goals of chapter 15 to foster international cooperation and assistance to foreign courts. Accordingly, pursuant to section 1517(a) of the Bankruptcy Code, this Court should enter the proposed order recognizing the Company's liquidation proceeding in Italy as a foreign main proceeding under chapter 15.

CH01DOCS\162533.1                                          1

## FACTS

The pertinent facts, including, without limitation, the facts recited below, are set forth in the Verified Petition filed contemporaneously with the Official Form Voluntary Petition on June 2, 2011, and are incorporated by reference as though fully set forth herein.

## ARGUMENT

## I. THE RELIEF REQUESTED SHOULD BE GRANTED

Under section 1517(a) of the Bankruptcy Code, an order recognizing a foreign proceeding "shall be entered" if all of the requirements for recognition have been met. The decision to grant recognition is therefore not dependent upon any findings about the nature of the foreign proceedings of the sort previously evaluated under prior section 304(c). As the legislative history to chapter 15 indicates, "[t]he requirements of[section 1517], which incorporates the definition in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition." H.R. REP. 109-31, pt. 1 (2005).

The Petitioner has filed a valid Verified Petition, along with each of the other documents required by section 1515 of the Bankruptcy Code. In addition, as demonstrated in the Verified Petition and the supporting documents filed in connection therewith, the Company is currently in the process of liquidation in Italy, and the Petitioner has been duly appointed by the Court in Padua, Italy to serve as the Company's Judicial Receiver. Accordingly, the Petitioner has satisfied the requirements of section 1517(a) and is entitled to entry of an order recognizing the Italian liquidation proceeding as a foreign main proceeding under section 1517(b)(1).

### A. The Case Concerns a Foreign Proceeding

Section 101(23) of the Bankruptcy Code defines a "foreign proceeding," in pertinent part, as: a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets

and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation. 11 U.S.C. § 101(23).

Here, the Company's pending Italian liquidation proceeding qualifies as a foreign proceeding under section 101(23). First, the Company's liquidation proceeding is a collective proceeding because it is not for the benefit of a single creditor, but rather the Company's creditors as a whole. Second, the Italian liquidation proceeding is pending in a foreign country. Third, the Company's assets and affairs are subject to the control of the Petitioner and/or the Italian court for the purpose of liquidation, with the Court acting in a supervisory capacity with jurisdiction to settle any disputes arising during the liquidation. Accordingly, the Italian liquidation proceeding satisfies all of the requirements of section 101(23) of the Bankruptcy Code

## B.  The Case Was Commenced by a Foreign Representative

The instant case was commenced by the duly court-appointed and authorized "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code, which provides, in pertinent part, as follows:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. §101(24). Pursuant to the Italian court's order, the Petitioner was appointed to act as Judicial Receiver. Under applicable Italian law, the Petitioner is responsible for, *inter alia*, locating, protecting and preserving the Company's assets and property, carrying out investigations respecting the affairs of the Company, and exercising an extensive array of powers granted to a Judicial Receiver under the laws of Italy. Accordingly, the Petitioner is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code and is therefore entitled to commence this case under chapter 15 of the Bankruptcy Code.

Case: 11-80799    Doc #: 1-7    Filed: in USBC ED/OK on 06/02/11    Page 3 of 5

## II.   THE FOREIGN PROCEEDING SHOULD BE RECOGNIZED AS A FOREIGN MAIN PROCEEDING

This Court should recognize the Italian liquidation proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code. The Bankruptcy Code provides that a foreign proceeding for which chapter 15 recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has its center of main interests. 11 U.S.C. § 1517(b)(1). While the Bankruptcy Code does not define "center of main interests," it does provide that absent evidence to the contrary, the location of the debtor's registered office is presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(c); *In re Betcorp Limited*, 400 B.R. 266, Bankr. D. Nev. 2009); *In re Artimm, Srl*, 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005) (noting that debtor's center of main interests and registered office were in Italy, where the primary insolvency proceedings were pending).

Here, the Company's registered office is located in Padua, Italy. Moreover, the Company is incorporated in Italy. Accordingly, given that the Italian liquidation proceeding is pending in Italy-the center of the Company's main interests-such proceeding should be recognized as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code.

## III.   CONCLUSION

For the foregoing reasons, the Petitioner respectfully requests that this Court (i) enter an order recognizing the Company's liquidation proceeding pending in Italy as a foreign main proceeding under section 1517 of the Bankruptcy Code, (ii) granting the relief requested in the Petition and (iii) granting such other and further relief as may be just and proper.

Dated: June 2, 2011

Respectfully submitted,

By:     /s Mary Quinn Cooper
        ELDRIDGE COOPER
        STEICHEN & LEACH P.L.L.C.

Case: 11-80799   Doc #: 1-7   Filed: in USBC ED/OK on 06/02/11   Page 4 of 5

MARY QUINN COOPER, OBA 11966
P.O. Box 3566
Tulsa, Oklahoma 74101-3566
(918) 388-5555 FAX (918) 388-5654
mcooper@ecslok.com
Attorneys for Defendants

Of Counsel:
S. Patrick McKey (*pro hac vice to be filed*)
Joshua J. Heidelman (*pro hac vice to be filed*)
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
P: 312-602-5201
F: 312-698-7502
patrick.mckey@bryancave.com
joshua.heidelman@bryancave.com



CH01DOCS\162533.1

5