**The following is ORDERED:**

TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

SIVEC SRL., as successor in      Case No. 11-80799-TRC
Liquidation to Sirz Srl,     Chapter 15
Gabriele Bordin, Petitioner.

ORDER GRANTING INTERIM RELIEF

There came on for expedited hearing this day Petitioner's Motion for Provisional Relief (Docket Entry 9), Zeeco Inc.'s Objection (Docket Entry 12), Petitioner's Reply (Docket Entry 18) with supplement, and Zeeco's Sur-reply (Docket Entry 23). Appearances were entered by Thomas Steichen, attorney for Petitioner Gabriele Bordin, Trustee of SIVEC SRL, as Successor in Liquidation to SIRZ SRL, Andrew Turner and Robert Winter, attorneys for Zeeco, Inc., Thomas Plake, General Counsel for Zeeco, Inc., and Katherine Vance on behalf of the U.S. Trustee. Appearing by telephone were Joshua Heidelman and Patrick McKey, attorneys for Petitioner Gabriele Bordin, Trustee of SIVEC, SRL, as Successor in Liquidation to SIRZ SRL. The parties filed a joint Stipulation (Docket Entry 19) that included documents from a pending lawsuit between

the parties in United States District Court for the Eastern District of Oklahoma of which this Court should take judicial notice.

After hearing the legal arguments of counsel and reviewing the pleadings, briefs, stipulations of counsel, and applicable statutes and case law, this Court hereby FINDS that Petitioner's Motion for Provisional Relief seeking imposition of the automatic stay should be granted and the jury trial set for June 20, 2011, Case No. 10-CV-143-SPS, in the United States District Court for the Eastern District of Oklahoma shall be STAYED until further order of this Court. In support of this Court's Order, the Court finds that 11 U.S.C. §§1519(a), 105(a), and 105(d) provide sufficient authority for it to grant the provisional relief requested of imposing the automatic stay under 11 U.S.C. § 362 until a hearing can be held and a ruling entered regarding recognition of the foreign proceeding relating to this Debtor. *In re Pro-Fit Int'l Ltd.,* 391 B.R. 850 (Bankr. C.D. Cal. 2008).

Although Zeeco argues that § 1519 does not authorize the Court to grant the relief requested, § 105(a) allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 103 makes this statute applicable to a case under chapter 15. *Pro-Fit*, 391 B.R. at 866. The language of § 1519(a) simply states that the Court may grant provisional relief, including the specific relief enumerated therein. The statute does not state that the list is exhaustive. Further, Counsel for Zeeco has previously represented to this Court that the funds in dispute are being kept in a general fund owned by Zeeco and are not segregated. Thus, this Court believes that the provisional relief is necessary to protect the assets of the Debtor, at least until the Court makes a determination regarding recognition of the foreign proceeding. The Court is mindful of the delay and inconvenience created by the filing of this Chapter 15 petition with regards to the trial of this matter in federal district court. However, it is this Court's duty to protect

Case 11-80799   Doc 25   Filed 06/15/11   Entered 06/15/11 15:25:58   Desc Main
Document   Page 2 of 3

the assets of this Debtor as well as to protect the interests of its creditors such as Zeeco. Therefore, the Court desires to maintain the status quo at this early stage of this case by staying the pending action in Case No. 10-CV-143-SPS, and relies upon its inherent powers under § 105(a) as well as under § 1519 to impose an interim stay pending a hearing and decision on the Petition for Recognition.

IT IS THEREFORE ORDERED that Petitioner's Motion for Provisional Relief (Docket Entry 9) is **granted**, and the automatic stay in 11 U.S.C. § 362 is imposed in this case, pending further ruling by this Court on the Petition for Recognition of Foreign Proceeding.

###