**Dated: August 18, 2011**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

SIVEC SRL, as successor in
liquidation to Sirz Srl,

Case No. 11-80799-TRC
Chapter 15

Debtor in a Foreign Proceeding.

### MEMORANDUM OPINION REGARDING RECOGNITION OF FOREIGN
### MAIN PROCEEDING AND MOTION FOR RELIEF FROM STAY

This memorandum opinion is filed in support of this Court's Order Granting Recognition of

Foreign Main Proceeding and Granting Motion to Lift Stay, entered simultaneously herewith.

Two matters are before the Court. The first is whether to grant the Chapter 15 Petition for

Recognition of a Foreign Main Proceeding ("Petition") filed by Gabriele Bordin ("Petitioner") in his

capacity as the Judicial Receiver and duly authorized foreign representative of Sivec, Srl, as

successor in Liquidation to Sirz Srl ("Sivec"), with Response objecting to recognition filed by Zeeco,

Inc. The second matter is whether to grant Zeeco's Motion for Relief from Stay with Objection by

Sivec. An evidentiary hearing on these matters was held on July 11, 2011. Exhibits were presented to the Court, but no live, sworn testimony was presented by either party. After a review of these matters, the Court finds that the Petition for Recognition should be granted, and that Zeeco's Motion for Relief from Stay should be granted to allow the lawsuit pending in the United States District Court for the Eastern District of Oklahoma, Case No. 10-CV-143-SPS, to proceed.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(P).

## II. BACKGROUND

In October 2005, Sivec and Zeeco entered into a contract under which Sivec "would fabricate and supply three demountable derrick-supported flare systems and a single jetty flare system for delivery to Zeeco's end customer" for a contract price of € 9,528,400.[1] Zeeco retained 10% of the contract price, or € 952,840, as a guarantee for any warranty claims.

On April 23, 2010, Zeeco filed suit against Sivec in the United States District Court for the Eastern District of Oklahoma ("Eastern District lawsuit") for breach of contract, seeking a declaratory judgment that Zeeco is entitled to retain the € 952,840 in satisfaction of any judgment.[2] Sivec consented to the jurisdiction of that Court, and counterclaimed for payment of the € 952,840 being held by Zeeco.[3] A jury trial was scheduled for June 20, 2011.

---

[1]*Docket Entry 1-1* at ¶ 11.

[2]*Docket Entry 1-1* at ¶ 16 and *Docket Entry* 19.

[3]*Docket Entry 1-1* at ¶ 16.

On June 2, 2011, Petitioner initiated this proceeding to request that this Court recognize a liquidation proceeding filed March 11, 2008, which is currently pending before a court in Padua, Italy, pursuant to Article 160 of the Italian Bankruptcy Law, as a foreign main proceeding under Chapter 15 of the United States Bankruptcy Code ("Italian Proceeding").[4]  The Court granted provisional relief pursuant to§ 1519(a), by order dated June 15, 2011, staying the Eastern District lawsuit.[5]

## III.    DISCUSSION

Recognition under Section 1517 of the Bankruptcy Code is not a "rubber stamp exercise."[6] In order for the Petition to be granted, it must meet several statutory requirements. The foreign representative has the ultimate burden of proof on the requirements of recognition.[7]  The three requirements, set forth in § 1517, are as follows:

(a) Subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if--

(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;

(2) the foreign representative applying for recognition is a person or body; and

---

[4]Unless otherwise indicated, all future statutory references in text are to the Bankruptcy Code, Title 11 of the United States Code.

[5]*Docket Entry 25.*

[6]*In re Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010) (citing *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37, 40 (Bankr. S.D.N.Y. 2008)).

[7]*Id.* (citing *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 334 (S.D.N.Y. 2008)).

(3) the petition meets the requirements of section 1515.[8]

As discussed below, each of these requirements is met in this case.

There is no dispute that Petitioner, the foreign representative applying for recognition, is a person or body pursuant to subparagraph (2). He is the duly appointed representative foreign representative within the meaning of § 101(24). To comply with subparagraph (3), the foreign representative must file a petition that meets the requirements of § 1515, which are as follows:

> (a) A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.
>
> (b) A petition for recognition shall be accompanied by--
>
>> (1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
>>
>> (2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
>>
>> (3) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.
>
> (c) A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.
>
> (d) The documents referred to in paragraphs (1) and (2) of subsection (b) shall be translated into English. The court may require a translation into English of additional documents.[9]

The Court is entitled to presume that the documents submitted in support of the Petition are

---

[8] 11 U.S.C. § 1517(a).

[9] 11 U.S.C. § 1515.

authentic.[10] The Petition filed by Petitioner herein meets the requirements of § 1515.

The final statutory requirement for recognition pursuant to § 1517(a)(1) is that the proceeding is a "foreign main proceeding" or "foreign nonmain proceeding" within the definitions of § 1502. Pursuant to § 1502(4), a proceeding is a "foreign main proceeding" if: 1) it is a "foreign proceeding;" and 2) it is "pending in the country where the debtor has the center of its main interests."[11]  A "foreign proceeding" is defined in § 101(23) as

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.[12]

There is no dispute that Sivec's proceeding pending before the court in Italy constitutes a "foreign proceeding."  Nor is there any dispute that Italy is the country where Sivec has its main center of interests.  Zeeco offered no evidence to rebut the evidence offered in support of recognition at the hearing.  Accordingly, the Italian proceeding is a foreign main proceeding and meets the requirement set forth in § 1517(a).  Therefore, each of the statutory requirements for recognition of a foreign main proceeding is satisfied.

However, Zeeco urges this Court to deny recognition because there is another forum available to address and resolve the dispute between it and Sivec.  It is true that a court may refuse to take an action or may deny or limit relief favoring the foreign proceeding, if to do so would violate public policy.  This exception is provided for in § 1506 which states: "Nothing in this chapter prevents the

---

[10]11 U.S.C. § 1516.

[11]11 U.S.C. § 1502(4).

[12]11 U.S.C. § 101(23).

court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States."[13]   However, the public policy exception "is intended to be invoked only under exceptional circumstances concerning matters of fundamental importance for the United States."[14]

This Court does not find recognition of the foreign proceeding should be denied on public policy grounds, given the evidence before it regarding the Italian Proceeding.  However, it does find public policy grounds for denying Sivec's requested relief of continuing the stay of the Eastern District lawsuit and seeking an order from this Court directing Zeeco to turnover the disputed funds. To grant these requests would  violate this country's fundamental rights of notice and opportunity to be heard.

Chapter 15 gives U.S. courts discretion to fashion relief for both foreign debtors and U.S. creditors.[15]  An overarching concern is expressed in § 1506 that actions not violate this country's public policy.  Also, § 1521(b) gives this Court the discretion to entrust a debtor's assets located in the United States to the foreign representative, provided that the interests of U.S. creditors, such as Zeeco, are sufficiently protected.[16]  Section 1522 contains similar language.  These sections were

---

[13]11 U.S.C. § 1506.

[14]*In re Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010).  *See also* H.R. Rep. No. 109-31, pt. I, at 109 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 173 (exception is to be construed narrowly and the word ''manifestly'' in international usage restricts the public policy exception to the most fundamental policies of the United States).

[15]*See In re Tri-Continental Exchange Ltd.*, 349 B.R. 627 (Bankr. E.D. Calif. 2006).

[16]*See In re International Banking Corp. B.S.C.*, 439 B.R. 614, 627-28 (Bankr. S.D.N.Y. 2010).

intended to give courts "broad latitude to mold relief to meet specific circumstances."[17] Further, Section 362(d), which applies pursuant to § 1520(a)(1) upon the recognition of a foreign main proceeding, provides that relief may be granted to a creditor "for cause," and grants this Court discretion to determine the most appropriate method of liquidating a claim.[18]

Zeeco's interests do not appear to have been protected in the Italian proceeding. It claims a right of setoff or recoupment subject to its claim that it is a secured creditor. However, according to the Declaration of Alessandro Della Chá,[19] presented by Sivec, Zeeco is not a secured creditor because it did not file a claim in the Italian Proceeding. Della Chá states that Zeeco did not receive notice nor was it given the opportunity to file a claim to initiate a resolution of its dispute with Sivec because it was not considered to be a creditor, but was considered a debtor of Sivec. Notice of the liquidation proceeding and claims filing deadline was only given to creditors. Thus, no funds were set aside in the Italian Proceeding to pay Zeeco's disputed claim because no claim was filed and disputed. Zeeco's claim in the Italian Proceeding has been relegated to unsecured status and would be a late-filed or tardy claim if Zeeco were allowed to file a claim at this stage. Under the scenario described by Mr. Della Chá, there appears to be no procedure for Zeeco to have objected to the reorganization plan, make a claim against Sivec, or resolve its dispute with Sivec in the Italian Proceeding. Nor has Sivec offered an explanation or assurance of how Zeeco's rights will be protected should a turnover of the disputed funds be ordered, as Sivec requests.

---

[17]*Id.* at 637 (quoting H.R. Rep. No. 109-31, at 116, 2005 U.S.C.C.A.N. 88, 178).

[18]*See Transamerica Ins. Co. v. Olmstead (In re Olmstead)*, 608 F.2d 1365, 1366-68 (10th Cir. 1979.)

[19]*Petitioner's Exhibit 9, July 11, 2011 hearing.* Della Chá is an attorney in Milan, Italy.

The Declaration of Fabio Incastrini and Roberta Crivellaro[20] submitted by Zeeco represents that under Italian law there is no automatic stay of litigation at this point in time, nor does it appear that a stay was in existence when Zeeco filed the Eastern District lawsuit.  Incastrini and Crivellaro also advise that Petitioner had the duty to provide official notice of the proposed plan and opportunity to file a claim in the Italian Proceeding since Zeeco is listed as one of Sivec's creditors.  This notice should have been given by certified or registered mail.[21] Based on documents they examined, no such notice was provided to Zeeco.

To insure that Zeeco's fundamental rights of notice and opportunity to be heard are protected, and in an effort to protect its interests and mold relief appropriate in this particular case, the stay should be lifted and the parties should proceed to a resolution of their dispute through the Eastern District lawsuit.  The Court finds that the U.S. District Court for the Eastern District of Oklahoma is the proper forum for the parties to resolve this dispute.  The parties have litigated their claims there for fourteen months so that court is familiar with the issues presented.  Until June of 2011, Sivec fully participated as a litigant in the Eastern District lawsuit by admitting jurisdiction, filing a counterclaim against Zeeco, participating in discovery and settlement negotiations, and proceeding to the eve of trial.  These actions were taken with full knowledge of the Italian Proceeding.  Based upon such participation, it appears to the Court that Sivec consented and desired to resolve its dispute with Zeeco through the Eastern Court lawsuit, rather than through the Italian proceeding.

---

[20]*Zeeco's Exhibit 12,* ¶ 17, *July 11, 2011 hearing.*  Incastrini is a tax counsel and chartered accountant  in Padua, Italy.  Crivellaro is an attorney practicing in Padua and Milan, Italy.

[21]*Id.* at ¶¶ 7, 8.

## IV.    CONCLUSION

Based upon the foregoing analysis, arguments of counsel, and evidence before this Court, the

Court finds that the Italian Proceeding should be granted recognition as a foreign main proceeding

pursuant to 11 U.S.C. § 1517.  The Court further determines that the Interim Relief and

Stay previously ordered by this Court is terminated, and Zeeco's Motion for Relief from Stay should

be granted.  Case No. 10-CV-143-SPS in the United States District Court for the Eastern District of

Oklahoma shall be allowed to proceed.

A separate order reflecting this Court's decision shall be entered simultaneously herewith.

###